UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | ) Case No. 12-27041 |
| | ) |
| **444 NORTH NORTHWEST HWY, LLC,** | ) Chapter 11 |
| | ) |
| Tax ID No. xx-xxx5833 | ) |
| | ) |
| | ) **Judge Jack B. Schmetterer** |
| | ) |

## NOTICE OF MOTION

TO:    See Attached Service List

     **PLEASE TAKE NOTICE** that on **Tuesday, December 17, 2013, at 10:030 A.M.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Presiding Judge Schmetterer, or any other judge sitting in his stead, in Room 682 of the U.S. Bankruptcy Court, Northern District of Illinois, Eastern Division, Chicago, Illinois, and then and there present the *Debtor's Motion to Close Proceedings and for Entry of Final Decree*, a copy of which is attached and hereby served upon you.

                                                                             SCHUYLER, ROCHE & CRISHAM, P.C.

                                                   */s/ Stephen J. Brown*
                                                   Schuyler, Roche & Crisham, P.C.

Prepared By:
David M. Giangrossi (ARDC No. 3124350)
Stephen J. Brown (ARDC No. 6257366)
Schuyler Roche & Crisham, P.C.
Legal Counsel to the Debtor
180 N. Stetson Avenue, Suite 3700
Chicago, Illinois, 60601
Tel: (312) 565-8339
Fax: (312) 565-8300
Attorney No. 47074

845759v3

## CERTIFICATE OF SERVICE

I, STEPHEN J. BROWN, an attorney, certify that he caused copies of the foregoing *Debtor's Motion to Close Proceedings and for Entry of Final Decree* to be served via a filing on the Court's ECF system, on December 3, 2013.

/s/ *Stephen J. Brown*
Schuyler, Roche & Crisham, P.C.

**U.S. Trustee**
Patrick S. Layng
USTPRegion11.ES.ECF@usdoj.gov
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL  60604
(312) 886-5785 (Telephone)

Jeffrey Gansberg, Esq.
Martin O'Hara, Esq.
Counsel to Northbrook Bank and Trust Company
Much Shelist Denenberg Ament &
  Rubenstein, P.C.
191 N. Wacker Dr., Ste. 1800
Chicago, IL  60606
Tel: (312) 521-2649
Fax: (312) 521-2549

Shannon McKinley
Patrick Lamb
John Sullivan
Crowley & Lamb, P.C.
221 N. LaSalle Street, Suite 1550
Chicago, IL  60601
Tel:  (312) 670-6900
Fax:  (312) 467-5926

Timothy J. Somen, Esq
Counsel to MB Financial
McFadden & Dillon, P.C.
120 South LaSalle Street
Suite 1335
Chicago, Illinois  60603
Telephone: 312-201-8300
Fax: 312-201-0535
www.mcdillaw.com
t.somen@mcdillaw.com

2

845759v3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | ) Case No. 12-27041 |
| | ) |
| **444 NORTH NORTHWEST HWY, LLC,** | ) Chapter 11 |
| | ) |
| Tax ID No. xx-xxx5833 | ) |
| | ) |
| | ) **Judge Jack B. Schmetterer** |
| | ) |

## MOTION TO CLOSE PROCEEDINGS AND FOR ENTRY OF FINAL DECREE

Reorganized Debtor by and through its bankruptcy counsel Schuyler, Roche & Crisham, P.C., hereby respectfully brings this motion ("Motion") seeking the entry of an order of final decree closing these chapter 11 proceedings. This Motion is brought consistent with 11 U.S.C. §350(a) and with Federal Rule of Bankruptcy Procedure 3022. In support of this Motion, Reorganized Debtor states as follows:

### Background

1. This Court entered an order confirming the proposed plan of reorganization in these proceedings on July 19, 2013 ("Confirmation Date"). The confirming order is found at docket number 289.

2. The Court will recall that these are single-asset real estate proceedings in which the Debtor's primary asset was an office building located at 444 N. N.W. Highway in Park Ridge, Illinois (the "Building"). A prepetition receiver in possession of the Building made sure that all vendors and other unsecured trade vendors were paid on time prior to the start of these proceedings on July 6, 2012 (the "Petition Date"). So there are only two creditors of import in these proceedings, and both are mortgage banks. Northbrook Bank and Trust holds a senior lien on the Building, and MB Financial is a junior lienholder.

3. The parties had already been in foreclosure litigation for over two years when the bankruptcy proceedings began. Accordingly, Northbrook Bank filed motions at the beginning of

859358v1

these proceedings to keep the prepetition receiver in possession of the Building as allowed under 11 U.S.C. § 543(d), to lift the automatic stay, and to deny Debtor the use of Cash Collateral. Debtor prevailed, however, in the preliminary round of a bifurcated Section 362(e) evidentiary hearing in August of 2012. The Court ruled at the end of August 2012 that Debtor had established a reasonable likelihood that they would eventually prevail in keeping the automatic stay in place. Thereafter, the parties agreed to settle their dispute rather than go to a Section 362(e) final hearing. A settlement agreement was drafted, signed, and then approved by this Court in rule 9019 proceedings. *See Docket Number 232 entered January 24, 2013.*

4. Pursuant to the settlement agreement, which became the heart of the plan of reorganization, Debtor received additional time (until September 30, 2013) in order to find certain refinancing to repay Northbrook Bank an agreed upon discounted amount ($2.25 Million) of its total claim (about $5.7 Million). Under the plan, each of Northbrook and MB Financial also were to receive partial payments of their unsecured claims. In return for these concessions, the Debtor promised that if it were not able to find new financing by the September 30 deadline then it would not cause the banks any more trouble. It would simply surrender the Building to Northbrook. This agreement was put into effect by giving Northbrook Bank a signed deed in lieu to be held in escrow in the event that Debtor did not make the refinancing deadline. Again, no other unsecured or secured creditors exists other than the two mortgagee banks, and thus no other payments were required under the plan except to these two mortgage creditors.

5. The plan of reorganization was therefore a contingent liquidating plan that disposed of all assets of the Debtor in the event that refinancing was not obtained by a certain date. Liquidating Chapter 11 plans are expressly permitted under the Bankruptcy Code's section 1123(b).

### Post Confirmation Events

6. For a variety of reasons, the Debtor has failed to obtain the necessary post-petition financing that would have allowed it to make timely payment to Northbrook of the $2.25 Million. Those reasons include (1) general non-interest by the real estate investor community,

2

859358v1

and the last-minute withdrawal of a key investor, (2) the Debtor's failure to increase the Building's occupancy rates as projected (newly signed-up leases simply served to cancel out unforeseen losses of existing tenants, resulting in no net improvement in the aggregate occupancy rate), and (3) the continued general decline in the Building's value, which makes the $2.25 redemption price prohibitively expensive.

7. Accordingly, the liquidating provisions of the plan have been legally activated, and are now in effect. The deed in lieu has been filed, and Northbrook Bank is now the title holder to the Building. Debtor has made certain monthly payments to Northbrook Bank during the time period after confirmation but before September 30, 2013, but these payments did not exceed $5,000 monthly. Debtor, an LLC, now effectively ceases to exist except on paper. It has no assets and no operations. Its legacy debts, which would have been discharged by the plan had the $2.25 Million payment been made, remain in place. There are no assets with which to pay such debts. Northbrook Bank has set-off against the majority of the cash in the Cash Collateral account, leaving Debtor with a small amount ($20,355) to pay legal fees, which it has done. The Debtor has no funds left whatsoever. The Debtor no longer has an estate to administer.

8. Because Mr. Heinz, the Debtor's principal, guarantied payments under the plan of reorganization to MB Financial, he will be personally liable for such amounts, but this liability does not exceed his guaranty-related liabilities that existed prior to the bankruptcy. He is essentially back where he was before the bankruptcy.

9. In sum, the plan of reorganization has been fully consummated, but obviously not in the manner that Debtor would have preferred.

**Basis for Motion**

10. Section 350 of the Bankruptcy Code allows a bankruptcy case to be closed after the estate is "fully administered." This phrase does not mean, however, that all payments under the plan must be made before the case may be closed. Rather, "fully administered" means that all claims have been provided for (if not yet paid), there are no outstanding motions, and there

3

859358v1

are no contested matters or adversary proceedings outstanding. *In re Kliegl Bros.*, 238 B.R. 531 (Bankr. E.D.N.Y., 1999).

11. Similarly, the advisory committee notes associated with Rule 3022 and its 1991 amendment state that a case should not be kept open simply because all payments have yet to be made under the plan of reorganization. The committee has listed actions that a court might take into account in deciding to close a case:

(a) Whether the order confirming the plan has become final;

(b) Whether deposits required by the plan have been distributed;

(c) Whether the property proposed by the plan to be transferred has been transferred;

(d) Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

(e) Whether payments under the plan have commenced; and

(f) Whether all motions, contested matters, and adversary proceedings have been fully resolved.

12. Most if not all of the above tests are satisfied. The confirmation order is final. The Building that was supposed to be turned back over to creditors has been turned over. No contested matters, adversary proceedings, or other undecided matters are still pending.

13. Entry of a final decree is an administrative event and does not determine substantive rights. The decree may be entered without notice and hearing, and may even be entered sua sponte. *In re Greater Jacksonville Transp. Co.*, 169 B.R. 221 (Bankr. M.D. Fla. 1994).

14. The conditions for closing these proceedings have been satisfied. Keeping the cases open will only cause the Reorganized Debtor to incur additional unnecessary legal fees and US Trustee's fees that it cannot pay.

WHEREFORE, Reorganized Debtor hereby respectfully requests that this Court enter orders of final decree closing these chapter 11 proceedings, case number 12-27041.

/s/ *Stephen J. Brown*

SCHUYLER, ROCHE & CRISHAM, P.C.
David M. Giangrossi, ARDC #3124350
Stephen J. Brown, ARDC #6257366
Schuyler, Roche & Crisham, P.C.
Attorneys for Debtors
130 East Randolph Street, Suite 3800
Chicago, Illinois 60601
Tel: (312) 565-2400
Fax: (312) 565-8300
Attorney No. 47074

5

859358v1